**In re Reza ZANDI.**

**No. 07–0919.**

Supreme Court of Texas.

May 30, 2008.

Supplemental Opinion Denying
Rehearing Dec. 19, 2008.

Brad M. LaMorgese, McCurley, Orsinger, McCurley, Nelson & Downing, Stephen W. Shoultz, Law Offices of Stephen W. Shoultz, Julie A. Zanutto, law Offices of Julie A. Zanutto, Paulette Mueller, Shafer & Mueller, PLLC, Dallas, TX, Edward Bennett Klein, Attorney at Law, Carrollton, TX, for Relator.

G. David Heiman, Lewisville, TX, Mike Gregory, Gregory & Gregory, Paul Diller Johnson, District Criminal Attorney, Denton County, Denton, TX, for Real Party in Interest.

Benny Parkey, Denton, pro se.

Hardy F. Burke, Assistant District Attorney, Denton, TX, for a Party Interested in the Case.

PER CURIAM.

The trial court held relator Reza Zandi in contempt for 23 violations of a child support order, assessed criminal punishment of 175 days per violation to run concurrently, and ordered civil commitment until he paid $90,447.14 arrearage plus interest. But the court suspended the commitment on four conditions: that Zandi (1) pay Kathleen Marie Richardson, the mother of their two children a lump sum of $25,000, (2) make monthly payments of $1,091.29 on the arrearage, (3) continue monthly child support payments of $1,627.00, and (4) appear in court every six months "for review and status hearing."

Before the first status hearing, Zandi moved to modify the contempt order. At the hearing, he appeared with counsel and testified that his financial situation had worsened so that his support payments should be reduced. Richardson conceded that Zandi had made the lump-sum and arrearage payments required by the contempt order and agreed that he did not owe future support because the children, ages 17 and 15, were living with Zandi. But Richardson moved to revoke Zandi's commitment suspension because he had paid only $700 in current child support for the six months since the contempt order. Zandi objected that Richardson had not filed a written motion to revoke suspension. The court nevertheless revoked suspension. The court of appeals denied Zandi's petition for habeas corpus. On Zandi's petition to this Court, we ordered him released on a $500 bond.

■ "Texas courts have consistently held that alleged constructive contemnors are entitled to procedural due process pro-

tections before they may be held in contempt." *Ex parte Johnson,* 654 S.W.2d 415, 420 (Tex.1983). There is "no meaningful distinction between an individual's rights which are at stake in a constructive criminal contempt hearing ... and those at stake in an ordinary criminal trial where confinement is a possible penal sanction." *Id.* at 421. "Due process of law requires that the constructive contemnor be given 'full and complete notification' and a reasonable opportunity to meet the charges by way of defense or explanation." *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex. 1979).

■ A motion to revoke criminal probation "must be specific enough to give the accused notice of alleged violation of law contrary to conditions of probation." *Chacon v. State,* 558 S.W.2d 874, 876 (Tex. Crim.App.1977). Similarly, section 157.214 of the Family Code provides that a motion to revoke suspension of commitment for contempt for failure to pay child support must "alleg[e] specifically that certain conduct of the respondent constitutes a violation of the terms and conditions of community supervision." In the present case, no motion was filed to revoke Zandi's suspension of commitment.

■ Richardson argues that the contempt order's requirement that Zandi appear at a status hearing every six months was sufficient to put Zandi on notice that he would be required to show compliance with the conditions of suspension at the status hearing. We disagree. The requirement provided no notice at all that allegations of noncompliance would be made or what they would be. Richardson also argues that her complaints at the hearing were clear. But Zandi was entitled to notice in advance of the hearing, and in any event, Richardson's position was not clear. Her counsel stated at the

outset that Zandi "has made some small effort to make current child support payments, but he has not made a number of those, maybe any of them." Later, Richardson introduced records showing that Zandi had made partial child support payments (as opposed to arrearage payments) for four of six months and none for the other two. But Richardson admitted that the children had stayed with Zandi for the two months when no support payments were made, and Richardson asserted an offset or reimbursement for other support he provided. *See* TEX. FAM.CODE § 157.008(d); *In re A.M.*, 192 S.W.3d 570, 573–74 (Tex.2006). He also testified to his impaired financial condition in support of his motion to modify, and it appears that he also argued that his condition made it impossible for him to pay more than he had paid, a defense to revocation of his commitment suspension. *See* TEX. FAM. CODE § 157.008(c). The trial court found that Zandi had failed to make child support payments for three months but also stated that child support should be reduced to $650 per month (although the reduction does not appear in a written order). There was confusion as to whether the evidence and argument related only to modification or also to revocation, due in part, at least, to the lack of any notice of Richardson's allegations of noncompliance.

The purpose of notice is to apprise the respondent of the allegations he faces and provide him time to prepare to respond. Because that notice was lacking in this case, the court's order revoking suspension of commitment must be set aside. Accordingly, we grant the petition for habeas corpus, and *without hearing oral argument*, TEX.R.APP. P. 52.8(c), order that Zandi and his bond are discharged.

### SUPPLEMENTAL OPINION
### ON REHEARING

In support of the motion for rehearing of the real party in interest, Kathleen Richardson, the Harris County Domestic Relations Office has submitted a brief as amicus curiae, requesting clarification of the Court's opinion. Amicus acknowledges that when a person appears at a status hearing set by the court in a contempt or commitment order as a condition of suspension of his sentence for failure to pay child support, without notice of any assertion that suspension will be revoked, the court cannot revoke suspension without notice and a second hearing. The amicus states:

> If the respondent appears at the compliance (status) hearing and the movant alleges noncompliance and requests revocation, the trial court must conduct a subsequent or second hearing. The trial court cannot revoke the suspension of commitment or impose sentence without affording the respondent a subsequent hearing, thereby satisfying the due process "hearing" requirement.... The subsequent or second hearing is required even if the "conditional" contempt or commitment order provides that failure to comply will result in confinement "without any further notice to the respondent."

This, of course, is what our opinion holds.

■ The amicus argues that respondent need not be given other notice of the status hearing besides the setting contained in the contempt or commitment order. Our opinion imposes no such requirement. We hold only that, as the amicus recognizes, respondent's suspension cannot be revoked at the status hearing without prior notice that revocation will be sought, affording the respondent an opportunity to prepare any defense to specific complaints. The amicus argues that relator Zandi "received notice of the compliance hearing at the contempt stage of the proceeding and

neither case law nor statute require subsequent additional notice before proceeding with a compliance hearing." We agree. But Zandi did not receive written notice prior to the compliance hearing that Richardson intended to seek revocation, stating the reasons. It is for want of that notice that Zandi is entitled to discharge.

Richardson's motion for rehearing is denied.