Petition for Writ of Habeas
Corpus Granted and Memorandum Opinion filed February 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

 



NO. 14-09-00990-CV



 

In Re Jason Paul Bishop, Relator



 



ORIGINAL PROCEEDING



WRIT
OF HABEAS CORPUS



MEMORANDUM OPINION

On November 23, 2009, relator, Jason Paul Bishop,
filed a petition for writ of habeas corpus, claiming the orders under which he
is being held are void.  See Tex. Gov’t Code Ann. § 22.221(d) (Vernon
2004); see also Tex. R. App. P. 52.  On November 24, 2009, after a
preliminary review of relator’s petition for writ of habeas corpus, we ordered
relator released upon his posting of a bond in the amount of $500, pending a
final determination of his petition.  Because we conclude that relator is
entitled to relief, we grant his petition for writ of habeas corpus, order
relator released from the bond set by this court on November 24, 2009, and
order him discharged from custody.

Background

            On
May 14, 2009, real party in interest, Cassie Bishop, filed a motion for
enforcement of child support order, and order to appear.  On June 4, 2009, Associate
Judge Stephen Baker held a hearing on the motion for enforcement.  The docket
sheet indicates that, on June 19, 2009, the Honorable Janice Yarbrough adopted Judge
Baker’s recommendation.  

            On
June 29, 2009, Judge Yarbrough signed the order holding relator in contempt for
failure to pay child support, granting judgment for arrearages, and suspending
commitment.  Judge Yarbrough found that (1) on March 24, 2009, relator was
ordered to make periodic child support payments of $2,053.50 per month, with
the first payment due on March 1, 2009; and (2) as of February 23, 2009,
retroactive child support was owed in the amount of $2,560.50, and relator was
ordered to pay the retroactive child support in monthly installments of $426.75
per month, with the first payment due on March 15, 2009, and like payments
thereafter until the $2,560.50 was paid in full.

            Judge
Yarbrough further found relator guilty of seven separate acts of contempt for
failure to pay child support (March 1, March 15, April 1, April 15, May 1, May
15, and June 1, 2009), and that relator was in arrears in the amount of
$4,533.41.  Judge Yarbrough awarded attorney’s fees as child support in the
amount of $2,941.50.  Relator was sentenced to 60 days in the Galveston County
jail.  However, the 60-day sentence was suspended and relator was placed on
probation for two years on the condition that he pay (1) $4,533.41 through the
state disbursement unit as child support arrearage; (2) $2,941.50 through the
state disbursement unit as child support, which amount was incurred by Cassie
as attorney’s fees and costs; and (3) all child support as ordered by the court
on March 24, 2009.  

            Relator
was ordered to pay $7,474.91 in monthly installments of $625.00 through the
state disbursement unit, with the first payment due on July 1, 2009.  Relator
was further ordered to appear before the court on August 17, 2009 “for a
hearing to determine whether [relator] has complied with the terms and
conditions of the ‘Order Holding Respondent in Contempt for Failure to Pay
Child Support, Granting Judgment for Arrearages’ and, if not, for commitment.” 
On August 17, 2009, the parties appeared for a compliance hearing, but the
hearing was passed because relator was current on the child support payments.  

            After
holding a compliance hearing on November 17, 2009, Judge Baker signed an order
revoking suspension and for commitment to county jail.  In the order, Judge
Baker observed that relator appeared before the court on August 17, 2009, and
advised that he had paid a lump sum payment of $2,500.00 that day to bring the
child support current.  At that time, relator was ordered to appear for a
hearing on November 17, 2009, to determine whether he had complied with the
terms and conditions of the June 29, 2009 order.  

            Judge
Baker found that relator had failed to comply with the terms and conditions of
the June 29, 2009 order suspending commitment by failing to pay:  (1) current
child support of $2,053.50 on the first day of July, August, September, October
and November, 2009, although relator was able to comply on those dates; (2)
child support not confirmed and reduced to a money judgment in the amount of
$284.81; and (3) child support confirmed and reduced to a money judgment in the
amount of $625.00 on the first day of July, August, September, October and
November, 2009.  Judge Baker awarded attorney’s fees and costs of $3,112.00 for
this proceeding in addition to the attorney’s fees and costs assessed in the
June 29, 2009 order, and revoked the suspension of commitment.

            Relator
asserts in this petition for writ habeas corpus that both the contempt order
and revocation order are void.

Standard of Review

            The
purpose of a writ of habeas corpus is not to determine the guilt or innocence
of the contemnor, but rather to determine whether he was afforded due process
of law, or whether the order of contempt is void.  Ex parte Gordon, 584
S.W.2d 686, 688 (Tex. 1979) (orig. proceeding).  A writ of habeas corpus will
be issued if the order underlying the contempt order is void, or if the
contempt order itself is void.  Ex parte
Shaffer, 649 S.W.2d 300, 302 (Tex.
1983) (orig. proceeding); Gordon, 584 S.W.2d at 688.  An order is void
if it is beyond the power of the court to enter it or if it deprives the
relator of liberty without due process of law.  In re Markowitz, 25
S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding).  The
relator bears the burden of showing his entitlement to relief in a habeas
corpus proceeding.  Ex parte Occhipenti, 796 S.W.2d 805, 808 (Tex.
App.—Houston [14th Dist.] 1990, orig. proceeding).  In a habeas corpus
proceeding, the order or judgment is presumed to be valid unless the contemnor
discharges his burden to show otherwise.  Id. at 809.  

Analysis

Contempt
Order

            Relator
argues that the June 29, 2009 contempt order is void because he did not waive
his right to counsel after the associate judge advised him of his right to
counsel at the contempt hearing.  At the hearing on the motion for enforcement,
the following occurred:

            THE COURT:  Let me give him a warning before we
go further.

            Mr. Bishop, you’re charged with contempt of
this court.  As such you are entitled to be represented by an attorney.  And if
you are too poor to afford one, a court appointed attorney will represent you. 
You are entitled to have a record made of this hearing by a court reporter. 
The charge against you must be proven beyond a reasonable doubt.  You may not
be forced to testify in this hearing if you do not wish to do so.  If the
charge against you results in prison for more than six months, you are entitled
to a trial by jury.  

            Do you understand what I’ve read to you, sir?

            MR. BISHOP:  Yes, sir.

            THE COURT:  Are we ready to proceed?

            MS. REITZ:  Yes, sir.

            THE COURT:  Mr. Bishop

            MR. BISHOP.  Yes, sir.

            THE COURT:  Call your first witness

            MS. REITZ:  I’d like to call Cassie Bishop.

            Relator
complains that the trial court did not inquire if he wished to waive his right
to counsel or request appointed counsel before proceeding with the contempt
hearing.  Absent an affirmative waiver of his right to counsel on the record, relator
asserts that the contempt order is void.  

            The
United States Constitution’s Fourteenth Amendment guarantee of due process
incorporates the Sixth Amendment assurance that the accused in a criminal
prosecution has the right to counsel.  In re Butler, 45 S.W.3d 268, 271
(Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  Contempt proceedings
in Texas are considered to be quasi-criminal proceedings, and should conform as
nearly as practicable to those in criminal cases.  Ex parte Johnson, 654
S.W.2d 415, 420 (Tex. 1983) (orig. proceeding).  Thus, in a child support
contempt proceeding, a relator facing incarceration must be informed of his
right to counsel and must waive that right or be provided with court-appointed
counsel.  In re Pass, No. 2-05-457-CV, 2006 WL 668744, at *1 (Tex.
App.—Fort Worth Mar. 16, 2006, orig. proceeding) (mem. op.).  

            A
contempt order is void when the record does not demonstrate that the contemnor
knowingly and intelligently waived his right to counsel.  See Ex parte Keene,
909 S.W.2d, 507, 508 (Tex. 1995) (orig. proceeding) (per curiam) (“In the
absence of a knowing and intelligent waiver by Keene of his right to counsel,
made on the record, the trial court had no authority to hold him in contempt.”);
Ex parte Gunther, 758 S.W.2d 226 (Tex. 1988) (orig. proceeding) (per
curiam) (same); see also In re Lehr, No. 04-05-00934-CV, 2006 WL 228941,
at *3 (Tex. App.—San Antonio, Feb. 1, 2006, orig. proceeding) (mem. op.)
(“There is nothing in the record to support the recitation in the judgment that
[relator] knowingly and intelligently waived his right to counsel.  In the
absence of a knowing and intelligent waiver of the right to counsel made on the
record, the order holding [relator] in contempt is void.”).  

            We
conclude that the record of the enforcement hearing does not reflect that
relator knowingly and intelligently waived his right to counsel.  Therefore,
the contempt order is void.[1] 


Revocation
Order

            Relator
asserts that the revocation order is void because he did not have notice of the
subject matter, possible consequences, or allegations that would be considered
at the November 17 compliance hearing.  We agree.[2] 
“[A] party affected by the order may file a verified motion alleging
specifically that certain conduct of the respondent constitutes a violation of
the terms and conditions of community supervision.”  Tex. Fam. Code Ann. §
157.214 (Vernon 2008).  Cassie did not file a motion to revoke the suspension
of commitment.  The requirement that relator appear at a compliance hearing
does not provide notice that allegations of noncompliance will be made or what
they will be.  See In re Zandi, 270 S.W.3d 76, 77 (Tex. 2008) (orig.
proceeding) (per curiam).  Relator was entitled to receive notice in advance of
the hearing.  See id.  “[W]hen a person appears at a status hearing set by
the court in a contempt or commitment order as a condition of suspension of his
sentence for failure to pay child support, without notice of any assertion that
suspension will be revoked, the court cannot revoke suspension without notice
and a second hearing.”  Id. at 78 (supp. op. on reh’g).  Here, the trial
court was required to set another hearing on Cassie’s allegations that relator
was not in compliance with the contempt order, but failed to do so.  Therefore,
we hold that the revocation order is void.  

Conclusion

Because both the contempt order and revocation orders
are void, we grant relator’s petition for writ of habeas corpus, order relator
released from the bond set by this court on November 24, 2009, and order
relator discharged from custody.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Boyce.









[1]
Relator further asserts that the contempt order
is void because the associate judge lacked the authority to hear the motion for
enforcement in light of Cassie’s objection in her motion to the associate judge
hearing the matter.  Because we hold that the contempt order is void due to
relator’s failure to knowingly and intelligently waive his right to counsel, we
need not address this argument.  





[2]
A void contempt order cannot support the
revocation order.  In her response to relator’s petition, Cassie concedes that
the revocation order is void.  We, nonetheless, address this argument.