# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00732-CV

### In re Thomas Michael Little Jr.

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

In this habeas corpus proceeding, relator Thomas Michael Little Jr. challenges the validity of the trial court's order holding him in contempt for failure to pay child-support arrearages and court-ordered attorney's fees to real party in interest, Alicia Little Johnson. Thomas argues that the contempt order is void because he received no notice of, and did not appear at, the hearing at which it was rendered. Alicia responds that the order is not void in its entirety, and that although the contempt portion of the order may be voidable, the child-support arrearage judgment and award of attorney's fees and court costs contained therein remain valid. We will deny habeas relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas and Alicia were divorced in 2002. Under the divorce decree, Thomas was ordered, among other things, to pay monthly child support for their two minor children and to keep the trial court notified of his current address. In January 2009, Alicia filed a motion for enforcement alleging that Thomas was in contempt of court for failing to comply with the child-support order in the divorce decree as well as a 2004 order holding Thomas in contempt for failure to pay

child support, granting judgment for arrearages, and suspending commitment. A hearing on Alicia's January 2009 motion did not take place, however, until March 31, 2010. By that time, Thomas's attorney had withdrawn from the representation; according to the attorney's motion to withdraw, Thomas's last known address was 305 Harris Boulevard in Conroe, Texas.[1] Notice of the March 31 hearing was sent to that address but was returned "unclaimed." Thomas did not personally appear at the March 31 hearing.

Immediately following the March 31, 2010 hearing, the trial court signed an "Order In Suit To Modify Parent-Child Relationship," increasing Thomas's monthly support obligation from $500 to $750, and an "Order Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment For Arrearages, and Suspending Commitment" (the "contempt order"). As the title implies, this second order granted Alicia a judgment for unpaid child support (in the amount of $22,917.63) and an award of attorney's fees and costs. In addition, the order adjudged Thomas in contempt for each separate failure to pay child support and ordered that he be confined for each act of contempt, but suspended commitment and placed him on community supervision for 36 months or until the arrearages were paid in full.

On October 14, 2010, Alicia filed a subsequent Motion For Enforcement of Child Support Order and Order To Appear in which she alleged that Thomas had violated the March 31 orders by failing to make payments of child support, child-support arrearages, and attorney's fees.[2]

---

[1] The record does not indicate that Thomas ever informed the court that he resided at any address other than the one indicated by his attorney.

[2] Alicia had, on October 1, 2010, presented a Motion to Revoke Suspension of Commitment and Order to Appear by which she sought an Order For Capias and Setting of Bond, but, at Alicia's request, the court withdrew the capias by order dated October 14, 2010.

2

By this motion, she requested that Thomas be held in contempt, jailed, and fined for each violation alleged "from the date of this filing to the date of the hearing on this motion." It is undisputed that Thomas was personally served with a copy of the October 14 motion for enforcement and order to appear for a hearing on the motion, scheduled for November 5, 2010.

On the same day as the hearing on Alicia's subsequent motion for enforcement, Thomas petitioned this Court for writ of habeas corpus and a request for emergency relief staying all proceedings in the trial court. We granted the requested emergency relief pending our consideration of Thomas's habeas petition.

## DISCUSSION

Texas courts of appeals have very limited jurisdiction over habeas corpus proceedings. *See* Tex. Gov't Code Ann. § 22.221(d) (West 2004). We may issue a writ of habeas corpus only "when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." *Id.* A writ of habeas corpus will not issue, however, if the order is merely erroneous, rather than void. *Ex parte Swate*, 922 S.W.3d 122, 124 (Tex. 1995). Here, Thomas complains that he is subject to being held in contempt for violating a provision of the March 31 contempt order, and that to do so would violate his due process rights because he was not physically present when that order was rendered. Under section 157.066 of the family code, a respondent who fails to personally appear at a hearing regarding enforcement of a previous court order cannot be held in contempt; rather, the court must

3

issue a capias and have the respondent brought to court for the hearing. Tex. Fam. Code Ann. § 157.006 (West 2008).

We might agree with Thomas if in fact Alicia were attempting to enforce the contempt portion of the March 31 order—i.e., if she now sought to restrain Thomas's liberty based on evidence of his pre-March 31, 2010 conduct that was adduced at a hearing at which he was not present. The enforcement provisions in Alicia's current Motion For Enforcement of Child Support Order, however, addressed "entirely new acts of disobedience" that accrued *on or after* April 1, 2010. In other words, Alicia seeks only to enforce the portions of the March 31 orders relating to child-support arrearages and the award of attorney's fees and costs. Thomas has not shown that these portions of the March 31 order are invalid or void. *Cf. id.* (providing that, if respondent does not appear at hearing on motion for enforcement of an existing court order, regardless of whether motion is joined with other claims or remedies, "the court may not hold the respondent in contempt *but may, on proper proof, grant a default judgment for the relief sought*") (emphasis added). It is undisputed that Thomas received notice of the hearing on this October 14 motion for enforcement; thus, there is every indication that he will have an opportunity to prepare his response to the allegations contained therein and appear before the trial court "to meet the charges by way of defense or explanation," which is sufficient to satisfy due process. *See In re Zandi*, 270 S.W.3d 76, 77-78 (Tex. 2008) (citing *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979)).

4

Based on the foregoing, we hold that Thomas has not shown that he is entitled to habeas relief.  *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009).  We deny the petition and dissolve our prior order granting a temporary stay.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed:   February 24, 2011