**Petition for Writ of Habeas Corpus Granted, Motion for Emergency Relief Denied as Moot, and Memorandum Opinion filed March 24, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00235-CV

---

### IN RE CHRISTOPHER SPATES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2001-61475**

---

## MEMORANDUM OPINION

On March 19, 2015, relator Christopher Spates filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator seeks relief from a commitment order issued on March 13, 2015, by the Honorable David Farr, presiding judge of the 312th District Court of Harris County. Also on March 19, 2015, relator filed a motion for emergency relief, requesting that this court grant relator interim habeas

relief pending disposition of the merits by temporarily releasing him from custody upon the posting of bond.

## BACKGROUND

This child support case has a substantial history. In October 2013, the Office of the Attorney General of Texas ("OAG") filed a motion for enforcement of a child-support obligation against relator. The OAG (1) alleged that relator was obligated to pay monthly child support pursuant to an August 2002 order and that he was in arrears on that obligation; and (2) asked the trial court to hold relator in both civil and criminal contempt.

At a hearing on June 2, 2014, the trial court found relator in contempt and ordered him committed. The trial court, however, did not sign a written judgment of contempt or a commitment order at that time, and relator was not confined. The hearing was continued to July 1, 2014, at which time the trial court signed a commitment order and relator was confined to the Harris County Jail. Although the commitment order referenced a contempt judgment issued on June 2, 2014, no such contempt judgment had been signed, and no contempt judgment was signed as part of the July 1, 2014 commitment order.

On July 2, 2104, relator filed a petition for writ of habeas corpus in this court, which we denied on July 3, 2014, for an insufficient record.[1] That same day, relator filed another habeas petition, which this court granted and ordered relator

_____

[1] *See In re Spates*, No. 14-14-00524-CV, 2014 WL 3051311, at *1 (Tex. App.—Houston [14th Dist.] July 3, 2014, orig. proceeding) (mem. op.).

discharged on July 15, 2014, because of the absence of a signed contempt judgment in violation of relator's due process rights.[2]

The OAG noticed a hearing for July 25, 2014, in connection with the signing of an order related to its previously filed motion for enforcement. The OAG did not file a new motion for enforcement, and the trial court did not hold a new contempt hearing. Instead, the trial court signed a combined judgment of contempt and commitment order, which referred to the June 2, 2014 contempt hearing. Relator was not immediately confined to jail.

On July 28, 2014, Spates filed a third habeas petition, which we construed as a mandamus petition because relator was not restrained of his liberty.[3] On August 28, 2014, we granted mandamus relief because the trial court merely signed a contempt order on July 25, 2014, without another contempt hearing and was not signed sufficiently close in time to the pronouncement of contempt.[4]

On August 28, 2014, the OAG filed a motion for enforcement of the 2002 child support order. The trial court held hearing on the motion for enforcement on December 22, 2014, and signed the contempt order on December 23, 2014, holding relator in criminal contempt for five violations of the child support order and sentencing him to 180 days confinement for each violation to run concurrently. Relator was taken into custody that same day. Also, on December 22, 2015, the

---

[2] *See In re Spates*, No. 14-14-00525-CV, 2014 WL 3512902, at *1 (Tex. App.—Houston [14th Dist.] July 15, 2014, orig. proceeding) (mem. op.).

[3] *See In re Spates*, No. 14-14-00603-CV, 2014 WL 4262197 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, orig. proceeding) (mem. op.).

[4] *See id.* at *4.

trial court modified the child support order, reducing arrearages from $70,076.79 to $31,556.99.

Relator filed a fourth habeas petition on December 29, 2014, arguing that (1) the motion for enforcement did not state with specificity the provisions of the underlying order violated; (2) relator was deprived of due process because the contempt order was violated on violations not specifically listed in the motion for enforcement; and (3) relator was deprived of due process because the contempt order imposed a fixed sentence, denying him consideration for good time served.

On December 26, 2015, relator filed a motion for release because he had made substantial payments toward the arrearage. On January 6, 2015, the trial court ordered relator released from the custody of the Harris County Sheriff; directed that the balance of his sentence—165 days—be "suspended pending further orders" of the court; and ordered relator to return to court on January 23, 2015, to finalize an order suspending his commitment and to place Spates on community supervision. On January 8, 2015, relator filed a motion to dismiss his fourth petition because he had been released from confinement. On January 16, 2015, we granted relator's motion and dismissed relator's petition as moot.[5]

Relator complied with the order to return to court on January 23, 2015, but the case was reset to March 13, 2015. On February 13, 2015, the trial court signed the order modifying the child support order, reducing relator's monthly payment to $565.48, retroactively back to April 2010, ordering payments beginning on January 1, 2015.

_____

[5] *See In re Spates*, No. 14-14-01013-CV, 2015 WL 224971, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding (mem. op.).

On March 13, 2015, the trial court signed a commitment order directing the Harris County Sheriff to take relator into custody to serve the remaining 165 days of his sentence.  Relator was taken into custody by the Sheriff and is currently in the Harris County Jail, serving the remainder of his sentence in accordance with the March 13, 2015 commitment order.  On March 19, 2015, relator filed his fifth and current petition for writ of habeas corpus.  Relator contends that his confinement is illegal because his suspension was revoked without notice of any allegation that he was in violation of the suspension order, a hearing on the matter, or an order stating the reason for the revocation.

## STANDARD OF REVIEW

The purpose of the habeas corpus proceeding is not to determine the guilt or innocence of the relator, but only to determine whether he has been unlawfully restrained.  *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the trial court's power or because the relator has not been afforded due process.  *In re Henry*, 154 S.W.3d 594, 596 (2005) (orig. proceeding) (per curiam).  It is presumed that the contempt order is valid.  *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).  In a habeas corpus action challenging confinement for contempt, the relator bears the burden of showing that the contempt order is void.  *In re Coppock*, 277 S.W.3d 417, 418−19 (Tex. 2009) (orig. proceeding).

ANALYSIS

The OAG agrees with relator's assertion that no motion to revoke the suspension of relator's commitment was filed. Instead, the trial court determined sua sponte that relator should be committed to the Harris County Jail.

The OAG contends that the terms and conditions of the release order are vague and ambiguous regarding potential notice of violations of the release order. We agree. Neither a contempt nor a commitment order may be based on an ambiguous order. *Ex parte Price*, 741 S.W.2d 366, 367−68 (Tex. 1987). The release order states that relator's commitment was "suspended pending further orders" of the court. This language in the release order does not advise relator of any terms or conditions with which he must comply.

The OAG further contends that, because relator was not apprised of the possibility of incarceration as result of this hearing, there was not sufficient notice to allow relator to make a defense of any potential violations of the underlying order. "Due process of law requires that the constructive contemnor be given 'full and complete notification' and a reasonable opportunity to meet the charges by way of defense or explanation." *Ex parte Gordon*, 584 S.W.2d at 688. Here, no motion to revoke relator's suspension was filed, and the January 6, 2015 release order does not provide specific terms and conditions. That order simply states that relator's commitment is suspended upon further order of the court. Relator was not provided notice that incarceration was a possible result of the March 23, 2015 hearing and, therefore, was not provided an opportunity to defend against any allegations. *Cf. In re Zandi*, 270 S.W.3d 76, 78−79 (Tex. 2008) (orig. proceeding (supp. op. on reh'g, per curiam) (reiterating holding that an obligor's suspension cannot be revoked without prior notice that revocation will be sought, affording the

obligor an opportunity to prepare an defense to specific complaints, and relator was entitled to discharge because he did not receive written notice prior to the compliance hearing that the mother intended to seek revocation).

Accordingly, we grant relator's petition for writ of habeas corpus, vacate the trial court's commitment order of March 13, 2015, and order relator discharged from custody. Because we grant relator's petition, we deny as moot relator's motion for emergency relief.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.