**Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed May 12, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00421-CV

---

### IN RE EDMOND LINDELL BAKER, JR., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 64372**

---

## MEMORANDUM OPINION

On May 8, 2015, relator Edmond Lindell Baker, Jr. filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator seeks relief from a written commitment order issued on May 1, 2015, by the Honorable Randall Huffstetler, presiding judge of the 300th District Court of Brazoria County.

## BACKGROUND

The trial court found relator in contempt on October 17, 2014, for four violations of a previous ordering relator to pay child support and sentenced relator to ninety days' incarceration for each violation, each sentence to run concurrently. The trial court ordered that relator's sentence was to commence on December 2, 2014. The sentence was reset to January 15, 2015. On February 24, 2015, the case was referred to the 300th District Court, which suspended relator's sentence for sixty months conditioned on relator's paying $1,000.00 for coercive contempt. On March 19, 2015, the Office of the Attorney General (the "OAG") requested that the trial court rescind the commitment date and set probation. On April 17, 2015, the trial court signed an order rescinding relator's commitment date and setting probation and ordered relator to appear for a compliance hearing on April 27, 2015. The trial court found relator was not in compliance with its previous orders and relator was taken into custody on April 27, 2015. The trial court issued a written commitment order on May 1, 2015.

## STANDARD OF REVIEW

The purpose of the habeas corpus proceeding is not to determine the guilt or innocence of the relator, but only to determine whether he has been unlawfully restrained. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the trial court's power or because the relator has not been afforded due process. *In re Henry*, 154 S.W.3d 594, 596 (2005) (orig. proceeding) (per curiam). It is presumed that the contempt order is valid. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). In a

habeas corpus action challenging confinement for contempt, the relator bears the burden of showing that the contempt order is void. *In re Coppock*, 277 S.W.3d 417, 418−19 (Tex. 2009) (orig. proceeding).

## ANALYSIS

In its response to relator's petition, the OAG agrees with relator's assertion that he received no notice that his community supervision might be revoked at the April 27, 2015 compliance hearing or the reasons for the possible revocation. "Due process of law requires that the constructive contemnor be given 'full and complete notification' and a reasonable opportunity to meet the charges by way of defense or explanation." *Ex parte Gordon*, 584 S.W.2d at 688. Moreover, a "respondent's suspension cannot be revoked at the status hearing without prior notice that revocation will be sought, affording the respondent an opportunity to prepare a defense to the specific complaints." *In re Zandi*, 270 S.W.3d 76, 78 (Tex. 2008) (orig. proceeding) ( per curiam, supp'l op. on reh'g). Here, no party filed a motion to revoke, and the trial court did not issue a show cause order indicating that relator's suspended commitment might be revoked at the compliance hearing or detailing specific instances relator's alleged failure to comply with the terms and conditions of community supervision. Therefore, the May 1, 2015 commitment order is void for lack of due process.[1]

---

[1] Relator raised other issues in his petition, but we need not address those in this opinion.

**CONCLUSION**

Accordingly, we grant relator's petition for writ of habeas corpus, vacate the trial court's commitment order of May 1, 2015, and order relator discharged from custody.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.