**Ex parte Craig SHAFFER.**

No. C–2019.

Supreme Court of Texas.

April 20, 1983.

---

**2.** Section 12.04 simply delineates the rights, privileges, duties and powers of a parent.

Dwaine Boydstun, Dallas, for relator.

John Exline, Dallas, for respondent.

ROBERTSON, Justice.

In this original habeas corpus proceeding, the relator, Craig Shaffer, seeks to be discharged from an order of Probate Court No. 3, Dallas County, committing him to jail for contempt for failure to comply with an order of that court requiring him to post a cost bond and hire an attorney. We order relator released.

While serving as Independent Executor for the estate of Horace Yates, Shaffer was sued by the widow, Cleta Yates, for alleged breach of his fiduciary duty in that capacity. The case was set for trial and continued four times at Shaffer's request. On March 16, 1983, Shaffer appeared and once again moved for a continuance on the grounds that his attorney had been allowed to withdraw three days before trial and he had not yet been able to retain a new attorney. Two days later, Judge Ashmore ordered Shaffer (1) to file with the court a $10,000 cost bond to indemnify Cleta Yates for the costs of delaying trial; (2) to report to the court his status in retaining an attorney; and (3) to retain an attorney to represent him in the suit. If these orders were not complied with by March 23, Shaffer would be in contempt and subject to imprisonment.

On March 25, without a formal motion for contempt, notice to Shaffer or a show cause hearing, the court adjudged him in contempt and ordered Shaffer placed in the county jail "until he purges himself of this contempt. . . ." The court later issued findings of fact and conclusions of law in support of the contempt order including statements that: (1) a hearing was held without Shaffer being present; (2) that Shaffer had wholly failed to comply with the court's order and that such violation was intentionally designed to delay the trial; and (3) that no motion for contempt, notice, show cause order or other citation or process was required because this was a case of direct contempt.

The issue here is whether the trial court's March 18 order exceeds its statutory authority and is therefore void, inasmuch as one may not be held guilty of contempt for

refusing to obey a void order. *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (Tex. 1958); *Ex parte Henry,* 147 Tex. 315, 215 S.W.2d 588 (Tex.1949). Counsel cites no authority, and indeed we can find none, which allows a court to require a bond of a defendant or to require any party to retain an attorney. Rather, in Texas the law is clear that one who involuntarily comes into court and does not seek any affirmative relief cannot be required to post a cost bond. Tex.R.Civ.P. 143, 147. Additionally, ordering a party to be represented by an attorney abridges that person's right to be heard by himself. Tex.R.Civ.P. 7. If Shaf-fer's lack of an attorney was being used to unnecessarily delay trial or was abusing the continuance privilege, the proper action would have been to order him to proceed to trial as set, with or without representation. Accordingly, we hold that the March 18 order is void.

The relator is discharged.