CITY OF HOUSTON and Lee Edward Moore, Relators,

v.

The Honorable Anthony J.P. FARRIS, Respondent.

No. C14–85–422–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1985.

Bernardo S. Garza, City of Houston Legal Dept., Houston, for relators.

T.W. Proctor, Ellen E. Grimes, Houston, for respondent.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

The City of Houston and Lee Edward Moore, relators, seek a writ of mandamus ordering the Honorable Anthony J.P. Farris, respondent, to vacate and set aside an order requiring relators to pay $2,000.00 each directly to a guardian ad litem "as security for costs of Ad Litem." The suit was brought by a father individually and as next friend of his minor daughter. We agree with relators that the order was unauthorized by any case law, statute or rule of civil procedure and must be vacated.

The trial court had no authority to require a defendant who seeks no affirmative relief to give security for costs. *Ex Parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). In *Shaffer* the supreme court stated:

[I]n Texas the law is clear that one who involuntarily comes into court and does not seek any affirmative relief cannot be required to post a cost bond. Tex.R. Civ.P. 143, 147.

649 S.W.2d at 302.

We realize that Rule 147 was amended effective April 1, 1984, and now states "The foregoing rules as to security and rule for costs shall apply to any party who seeks a judgment against any other party." The "foregoing rules" referred to in Rule 147 are Rules 125–146. We see no way any of such rules can be considered changed by the amendment of Rule 147 so as to authorize the respondent's order here challenged. Furthermore, amended Rule 147 applies only to a party "who seeks a judgment against any other party" and it is clear that neither relator sought a judgment against any other party.

Both the City of Houston and Lee Edward Moore were defendants who involuntarily came into court and sought no affirmative relief nor a judgment against any other party. They could not be required to post a cost bond or make any payment as security for costs.

The respondent's order as to the City of Houston is incorrect for another reason. The city is specifically exempted from paying security for costs. Tex.Rev. Civ.Stat.Ann. art. 1174 (Vernon 1963); Tex.Rev.Civ.Stat.Ann. art. 2072 (Vernon 1964); *Board of Adjustment v. Stovall*, 147 Tex. 366, 216 S.W.2d 171, 174 (1949).

Mandamus will lie when a party seeks relief from a void order for which there is no other adequate remedy. *State*

*v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972). The orders in question are void because the trial court exceeded its statutory authority. *Ex Parte Shaffer,* 649 S.W.2d 300 (Tex. 1983); *Hennessy v. Marshall,* 682 S.W.2d 340 (Tex.App.—Dallas 1984, no writ). Relators have no remedy other than to refuse to comply and face contempt proceedings and/or an order striking their pleadings.

We conditionally grant the writ of mandamus. We anticipate that, in accordance with our opinion, respondent will withdraw the order signed April 29, 1985, by August 16, 1985. In the event he does not do so, the writ shall issue.