Petition for Writ of Habeas Corpus Denied and Memorandum Opinion filed
October 16, 2003









Petition for Writ of Habeas Corpus Denied and
Memorandum Opinion filed October  16, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01133-CV

____________

 

IN RE RONALD EUGENE REPINE, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF HABEAS CORPUS

 



 

M E M O R A N D U M  O P I N I O N

On October 10, 2003, relator,
Ronald Eugene Repine, filed a petition for writ of habeas corpus
in this Court.  See Tex. Gov=t Code Ann. ' 22.221(d);  Tex. R. App. P. 52.  No record from any of the hearings at the
trial court has been filed with this Court. 
See Tex. R. App. P. 52.7(a)(2).  

A court will issue a writ of habeas corpus if the order
underlying the contempt is void, Ex parte Shaffer,
649 S.W.2d 300, 302 (Tex. 1983), or if the contempt order itself is void. Ex parte Gordon, 584 S.W.2d 686,
688 (Tex. 1979).  An order is void
if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law.  In re Broussard, 112 S.W.3d 827, 831
(Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).








A judgment of civil contempt is also void if the conditions
for purging the contempt are impossible to perform.  Ex parte
Ramzy, 424 S.W.2d 220, 223 (Tex.1968).  The burden is on relator
to establish in the trial court that he cannot perform the act necessary to
purge himself of contempt.  Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967); see also
Ex parte Rojo, 925
S.W.2d 654, 656 (Tex. 1996).

Relator has not established that the
judgment of contempt is void. 
Accordingly, we deny relator=s petition for writ of habeas corpus.

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed October 16, 2003.

Panel consists of Chief Justice Brister and Justices Anderson and Seymore.