ACCEPTED
14-15-00534-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/24/2015 11:02:04 AM
CHRISTOPHER PRINE
CLERK

# No. 14-15-00534-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/24/2015 11:02:04 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE
FOURTEENTH DISTRICT OF TEXAS

CHARLES G. SHOOK,

*Appellant,*

vs.

RICK HALL and TOMMY YOCHAM, Individually
and Derivatively on Behalf of Flare Well Testers, Inc.,

*Appellees.*

On Interlocutory Appeal from the 127th Judicial District Court
of Harris County, Texas, Hon. R.K. Sandill, Presiding
Trial Court Cause Number 2015-28269

APPELLANT CHARLES G. SHOOK'S SUR-REPLY IN SUPPORT OF EMERGENCY
RESPONSE AND REQUEST FOR MORE TIME TO RESPOND TO APPELLEES'
EMERGENCY MOTION FOR CONTEMPT AND TO REFER CONTEMPT
PROCEEDINGS TO TRIAL COURT

MCCATHERN, P.L.L.C.
Rodney L. Drinnon
Texas Bar No. 24047841
rdrinnon@mccathernlaw.com
Nicholas Zugaro
Texas Bar No. 24070905
nzugaro@mccathernlaw.com
2000 W. Loop South, Suite 2100
Houston, Texas 77027
Tel: (832) 533-8689
Fax: (832) 213-4842

STOGER LAW FIRM
Jonathan S. Stoger
Texas Bar No. 00797504
jstoger@stogerlaw.com
2301 Morse
Houston, Texas 77019
Tel: (713) 522-2848
Fax: (713) 522-1120

*Counsel for Appellant and Accused Contemnor Charles G. Shook*

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Appellant and Accused Contemnor, Charles G. Shook, files this sur-reply in support of his initial, emergency response to Appellees, Rick Hall and Tommy Yocham, Individually and Derivatively on Behalf of Flare Well Testers, Inc.øs, Emergency Motion for Contempt and Request to Refer Contempt Proceedings to the District Court.

## I. Request for Time to Fully Respond to Motion

There is no compelling reason for Appellees to seek emergency relief. A charge of contempt is quasi-criminal in nature and subjects the contemnor to the very real possibility of incarceration. A contemnor has a due process right under the United States and Texas Constitutions to notice and an opportunity to be heard and an adequate time to respond. *See Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex. 1983); *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1995). The undersigned have represented clients in contempt proceedings before and have yet to participate in a case, other than this one, where contempt was sought on an emergent basis. The underlying facts and circumstances concerning the contempt charge will not change if Appellant is given sufficient time to respond, and he asks for at least the ten-day period under TEX. R. APP. P. 10.3(a) to respond to appellate motions.

## II. Filing Emergency Motions is Appellees' Calculated Strategy

Throughout the District Court proceedings, Appellees have filed nearly every

1

motion on an emergency basis, as they do here. This has the effect of depriving Appellant of a full opportunity to brief the issues and respond. Appellees' emergency motion here was filed at 9:06 a.m. on Monday, June 22, 2015, at a time when Appellant's counsel were working on other matters. Because the motion was filed on an emergency basis, counsel had to put aside important work for other clients, that was also subject to pressing deadlines, to attempt to draft a response. To show the Court that a response would be forthcoming, counsel filed an initial, emergent response and requested the normal ten days to file a complete response. To fully respond and represent their client's interests, the undersigned need time to research the legal issues and meet with their client.

### III. <u>Appellant Strongly Denies Appellees' Contempt Charges</u>

Appellees misrepresent Appellants' position in suggesting that he admits to the charges of contempt. Appellant **strongly denies** the charges lodged against him. Despite Appellees' characterization of the facts, the District Court **has never** found him in contempt of court. No contempt citation has ever been entered against him.

Appellant **strongly denies** that he violated the terms of the Temporary Injunction Order and would, if required, mount a defense that any funds transferred were from a different company than the one in the Temporary Injunction Order.

At this point, Appellant should not be required to put on his entire defense to respond to Appellees' emergency motion. He should be entitled to at least ten days

2

to respond to the motion.

## IV. <u>The District Court Proceeded Forward on Contempt Without Jurisdiction</u>

It stands undisputed by Appellees that the District Court proceeded forward with their contempt motion without any jurisdiction to do so. The District Court did not care about the lack of jurisdiction and encouraged Appellant to file a writ of mandamus if he was unhappy. A three-hour contempt hearing, in the absence of jurisdiction, then went forward over Appellant's objection.

## V. <u>Judicial Economy Would Best Be Served by Maintaining Jurisdiction</u>

One of the issues Appellant intends to raise in the instant interlocutory appeal and in response to contempt is that the underlying Temporary Injunction Order is void. A party cannot be held in contempt for violating a void order. *Ex parte Shaffer*, 649 S.W.2d 300, 301-02 (Tex. 1983). Despite Appellees' disparagement of the "Great Writ" of Habeas Corpus, it is the device used to challenge unlawful contempt citations, include those based on a void order. *See id.* By maintaining jurisdiction over the contempt proceeding, either directly or by making only a limited referral to the District Court for findings and recommendations, *see* TEX. R. APP. P. 29.4(b), this Court can consider voidness in both the interlocutory appeal and the contempt proceeding, and it would prevent the necessity of filing a habeas corpus petition.

Appellant intends to raise numerous voidness arguments. Some errors will only be apparent from the reporter's record. Errors apparent on the face of the record

include that Appellees did not secure a Writ of Injunction from the District Clerk after the Temporary Injunction Order was signed, or serve the non-existent Writ on Appellant. *See* Docket Sheet, Ex. 1 (no Writ of Injunction appears and no return of service for a Writ appears); *see also* TEX. R. CIV. P. 687 - "Requisites of Writ" (the Writ of Injunction must be prepared by the clerk and include the clerk's signature and seal); TEX. R. CIV. P. 688 - "Clerk to Issue Writ" ("When the petition, order of the judge and bond have been filed, the clerk shall issue the temporary restraining order or temporary injunction, as the case may be, in conformity with the terms of the order, and deliver the same to the sheriff or any constable…."); TEX. R. CIV. P. 689 – "Service & Return" ("The officer receiving a writ of injunction shall indorse thereon the date of its receipt by him, and shall forthwith exercise the same by delivering to the party enjoined a true copy thereof. The officer must complete and file a return in accordance with Rule 107.").

There are many other errors with the Temporary Injunction Order and proceeding, but at this point, Appellant should not be required to mount his entire defense on an emergency basis and asks for at least ten days to prepare his response.

## **PRAYER**

For these reasons, Appellant and Alleged Contemnor, Charles G. Shook, continues to pray that the Court set a reasonable time to respond to Appellees, Rick Hall and Tommy Yocham, Individually and Derivatively on Behalf of Flare Well

4

Testers, Inc.øs, emergency motions for contempt and to refer contempt proceedings to the District Court, that the Court deny the motions in all things, and that Appellant be granted any further he is entitled to, including court costs.

Respectfully submitted,

*/s/ Rodney L. Drinnon*
Rodney L. Drinnon
Texas Bar No. 24047841
rdrinnon@mccathernlaw.com
Nicholas Zugaro
Texas Bar No. 24070905
nzugaro@mccathernlaw.com
McCathern, P.L.L.C.
2000 W. Loop South, Suite 2100
Houston, Texas 77027
Tel: (832) 533-8689
Fax: (832) 213-4842

*/s/ Jonathan S. Stoger*
Jonathan S. Stoger
Texas Bar No. 00797504
jstoger@stogerlaw.com
Stoger Law Firm
2301 Morse
Houston, Texas 77019
Tel: (713) 522-2848
Fax: (713) 522-1120

*Attorneys for Appellant and*
*Alleged Contemnor Charles G. Shook*

## CERTIFICATE OF COMPLIANCE

I certify under TEX. R. APP. P. 9.4 that this Response, excluding those portions that do not count towards the total limit, contains 1,065 words, as measured by the word count feature in Microsoft Word 2013. The font used is Times New Roman, 14-Point for the main text, and Time New Roman, 12-Point for the footnote text.

*/s/ Rodney L. Drinnon*
Rodney L. Drinnon

## CERTIFICATE OF SERVICE

I certify that on June 24, 2015, I served a true and correct copy of this Sur-Reply on all counsel of record, as reflected below, via e-service through efile.txcourts.gov.


*/s/ Rodney L. Drinnon*
Rodney L. Drinnon


Ashish Mahendru
amahendru@thelitigationgroup.com
Darren A. Braun
dbraun@thelitigationgroup.com
Mahendru, P.C.
639 Heights Boulevard
Houston, Texas 77007

*Attorneys for Appellees*
*Rick Hall and Tommy Yocham,*
*Individually and Derivatively on Behalf*
*of Flare Well Testers, Inc.*