ACCEPTED
04-15-00271-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/3/2015 11:58:52 PM
KEITH HOTTLE
CLERK

**Case No. 04-15-00271-CV**

| | | |
|---|---|---|
| **ROWLAND J. MARTIN** | ) | IN THE COURT OF'APPEAL |
| **Appellant** | ) | |
| | ) | |
| **v.** | ) | FOR THE FOURTH DISTRICT |
| | ) | |
| **BEXAR COUNTY, et al.** | ) | |
| **Appellees** | ) | BEXAR COUNTY, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/3/2015 11:58:52 PM
KEITH E. HOTTLE
Clerk

**APPELLANT'S OPPOSED MOTION FOR TEMPORARY INJUNCTION, FOR REHEARING, FOR EXTENSION OF TIME TO FILE REPLY BRIEF, AND RESPONSE IN OPPOSITION TO MOTIONS FILED ON OCTOBER 21, 2015**

**TO THE FOURTH DISTRICT COURT OF APPEALS:**

NOW COMES Appellant, Rowland J. Martin, Heir, Creditor, and De Facto Administrator for the Estate of King, and files this, his "Appellant's Opposed Motion For Temporary Injunction, For Rehearing, For Extension Of Time To File Reply Brief, And Opposition To Motions Filed On October 21, 2015" in support of which the following is shown:

**STATEMENT OF THE CASE**

Pursuant to T.R.A.P. 52.1, and in opposition to the motions filed on October 21, 2015. Appellant moves the Court for a temporary injunction order to enjoin Bexar County from relying on orders of the Bexar County Probate Court #1 that permit it to continue collection activities and litigation in violation of the guiding principles of *San Antonio Area Foundation v. Lang*, 2000 WL 1675984 (Tex. 2000). Because Appellant desires to proceed with the filing of a reply brief without prejudice from the county's intervening motions on October 21, 2015, the proposed temporary injunction is specifically intended to cover the attached Probate Court orders issued on July 21, 2015 and July 30, 2015, as both are alleged to be void for reasons explained below. *Ex Parte Shaffer,* 649 S.W. 2d 300 (Tex. 1983). Lastly, a rehearing on the Court's orders of

1

October 20, 2015 and October 22, 2015, and an extension of time to file a reply brief until after a final disposition of this motion are also requested.

## GUIDING PRINCIPLES

The County's argument that Appellant's brief somehow employs a new definition of real property is transparently frivolous. In *San Antonio Area Foundation*, the Supreme Court noted the guiding principle that "[t]he Probate Code defines personal property as 'interests in goods, money, choses in action, evidence of debts, and chattels real' … Promissory notes, net-profit agreements, and cash are personal property, not real property." *Id*. (citing Tex. Probate Code § 58(c) (Vernon Supp. 1999)). By excluding real chattels from the re-codified definition in Estates Code Section 1002.027, the Legislature continued the same fundamental definition of real property that was approved by the Supreme Court thirteen years earlier in *San Antonio Area Foundation, Id*. Both authorities teach that a probate claimant lacks prudential standing to assert real property issues against interests that lie outside the statutory definition of real property. If so, the County abused the judicial process in Case No. 2004-TA1-02802 from at least 2006 to 2013 because the res of that litigation included subject matter other than real property which the County has authority to tax - namely governmentally demolished improvements to land. Equally important, the County breached its contract with the voters by repeatedly and maliciously hindering Appellant's good faith attempts to remove the resulting clouds on title to estate property prior to the vacatur of its default judgment in 2013. *Gallagher Headquarters Ranch Development, Ltd. v. City of San Antonio*, 269 SW3d 628 (Tex. 2010).

2

## ARGUMENT AND AUTHORITIES

**A.    The Texas Supreme Court Has Probable Dominant Supervisory Jurisdiction Over Questions Of Law Relating To Appellant's Standing Under Estates Code 1002.027.**

Notice is given that the Texas Supreme Court retained jurisdiction in case No. 15-0541 on October 26, 2015, and that to preserve opportunities for effective relief in that case, Appellant has filed a companion petition for a writ of mandamus in the Texas Supreme Court with requests for extraordinary relief pursuant to *Ex parte Shaffer* and *San Antonio Area Foundation*. By this motion, Appellant demonstrates the following: (1) that he has a prima facie void order claim with which to challenge the removal order on July 30, 2015 for want of plenary jurisdiction following the filing of a final supplemental notice of appeal on July 27, 2015 and as unsupported by evidence insofar as it recites that no settlement was filed; (2) that he has a probable right to relief for defective service due to the Probate Court's prior reliance on a summons addressed to "The Estate of Rafael G. Trevino" in connection with the show cause order dated July 21, 2015; and (3) that his protected liberty and property interest in pending claims in the Texas Supreme Court, in this Court, and in the 150th District Court and the 285th District Court will be exposed to unlawful inverse condemnation without due process, unless he is allowed to wind up the business of the estate administration in the same capacity with which he originally invoked the Court's appellate jurisdiction in this case.

**B.    The Probate Court Lacked Plenary Jurisdiction To Exercise Removal Authority In A Biased Prosecutorial Capacity.**

In support of the requested relief, Appellant asserts the Probate Court's recitals about noncompliance with settlement deadlines are simply incorrect, as noted in Appellant's brief and supporting exhibits, and that the order purporting to remove him from his appointment as Estate Administrator is void under *Ex parte Shaffer, Id.*  In *Shaffer,* a probate court issued an order

3

covering an executor that was eventually declared by the Supreme Court to be void due to an impermissible abridgment of the relator's due process rights. *Shaffer* supports the principle that an estate executor is under no obligation to comply with an order of a Probate Court that is void. *Id.* Here, the void order issue arises from the Probate Court's removal proceedings on July 21, 2015 and July 30, 2015, respectively. The proposition advanced by the County, that the Proabte Court can deprive an administrator's standing to prosecute an appeal from a disputed order, after the filing of the notice of appeal, flies in the face of the due process principles upheld in *Ex parte Shaffer, Id*.

Applying *Shaffer*, relief is necessary, first and foremost, to enforce Appellant's privilege to vindicate the judicially authorized definition of real property set forth in *San Antonio Area Foundation, Id*. In Probate Court, the County expressly waived objections to Appellant's tender of undisputed evidence of demolished improvements though its private counsel Attorney Elizabeth Conry Davidson. Yet, the Probate Court extended inexplicable preferential treatment to the County by disregarding the jurisdictional facts bearing on the County's non-compliance with the real property definition in Estates Code 1002.027. Subsequently, the Probate Court irrationally refused to issue findings of jurisdictional fact relevant to questions of law arising under *San Antonio Area Foundation, Id.*

"Under our form of government, the legitimacy of the judiciary rests in large part upon a stable and predictable decision making process that differs dramatically from that properly employed by the political branches of government." *Weiner v. Wasson,* 900 S.W.2d 316, 320 (Tex. 1995). Here, unfortunately, there is nothing that differs dramatically in the course of the dismissal and removal proceedings that transpired in the Probate Court in 2015 from the process that the County routinely employs, for better or worse, as a political branch of government. On

4

the contrary, one need only consider the issuance of a show cause summons to the Estate of Rafael G. Trevino, and a supposed final removal proceeding predicated on the same Trevino summons, to conclude that actions taken by the Probate Court were overtly pretextual in nature, and that Appellant's right to due process was abridged by its harmful errors.

Equally important, a reasonable person could also infer from those proceedings that the Probate Court was engaged in a misguided attempt to give effect to the findings of the federal court sanctions order that were cited by the County in a pre-appeal motion for sanctions, and which were recently vacated by the U.S. Court of Appeals in *Martin v. Bravenec, et al*, Case No. 14-50093, 2015 WL 5752439 (5th Cir, October 2, 2015). Under the circumstances, bias in the exercise of prosecutorial discretion by the Probate Court both invalidates the removal actions for reasons separate and apart from lack of jurisdiction and raises serious questions about whether a breach of the contract with the voter's has occurred. *Weiner, Id.*; *Gallagher, Id.*

**C.     Appellant Retains Standing To Invoke Appellate Jurisdiction To Enforce Ripeness Doctrine With A Summary Denial Of The County's Motions.**

Requiring a party to prepare for and litigate claims that are not ripe and may be rendered moot is an abuse of discretion which has no adequate remedy by appeal. *In re Allstate County Mutual Insurance Company*, 2014 WL 5285850 (Tex. App.—Houston [1st Dist.] Oct. 16, 2014). The ripeness doctrine examines when claims may be brought and asks, "whether, at the time a lawsuit is filed, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'" *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000). Relief is necessary here in accordance with ripeness doctrine to avoid a premature decision by this Court or an advisory opinion on unripened issues about vexatious litigant status.

Applying the doctrine to assess the ripeness of the County's motions filed on October 21, 2015, an abeyance of those proceedings is proper according to the Court's approach in *Martin v. Bravenec, et al*, Case No. 04-14-00483-CV, 2015 WL 2255139 (Tex. App. - San Antonio, rehearing denied June 8, 2015) for two reasons. First, the plenary jurisdiction of the Texas Supreme Court and the U.S. Court of Appeals had not yet expired when the County filed its motions, and rehearing proceedings are presently pending in both courts. Second, Bexar County's intended reliance on post-appeal developments exceeds the Court's appellate jurisdiction in the absence of a timely notice of appeal by the County from the Probate Court's order on July 30, 2015.

To preserve the vexatious litigant issue from its pre-appeal motion, the County was jurisdictionally required to file a timely notice of appeal from the removal order which declined to adjudicate that issue. Instead, the County elected to file two motions for extension of time to file its brief. Both motions were utterly silent about the matter of reviving the motion for sanctions that was left undisposed by the Probate Court. It follows that the vexatious litigant issue that the County seeks to bring before the Court was in fact waived for appellate review, and is therefore too stale, contingent and remote with respect to the issues at bar to support competent consideration by this Court. If anything, the County's motions demonstrate the entire matter should probably be remanded to the Probate Court, with a finding on the continuing applicability of *San Antonio Area Foundation , Id*. and with instructions to transfer the controversy to the 150th District Court for further proceedings. *Waco, Id.*

In any event, the County's presentation of the frivolous argument that Appellant's brief somehow employs a new definition of real property, coupled with other impertinent arguments about Appellant's background and litigation history in other courts, supports the adverse

inference that the County has set out to manipulate the judicial process in its capacity as funding source for the Bexar County Courts, and at the same time to harass and retaliate against the Appellant for good faith disclosures about suspected improprieties. Appellant specifically advised opposing counsel prior to the filing of her motion that the Fifth Circuit had vacated the sanctions orders that she then intended to rely on in her motion. Diligent pre-filing investigation would have shown that there is no federal district court or appellate order, other than a post-mandate advisory opinion, that fits the description that appears in the County's motion. Despite Appellant's attempts to confer, counsel proceeded to file the pleadings despite her knowledge that they contained subject matter that was legally and factually questionable.. *Diaz v. Commission For Lawyer Discipline*, 953 S.W. 3d 435 (Tex. App.- Austin, 1997) (prohibiting attorney conduct that might corrupt litigation).[1]

## CONCLUSION AND PRAYER

The judicial process would be well served by a temporary injunction in accordance with the rationale in *Ex Parte Shaffer*. Here as in *Shaffer*, Relator's appointment as Estate Administrator, and his pending claims are constitutionally protected interests in liberty and property which the Probate Court lacks sound authority to inversely condemn. However, the requested relief is most clearly necessary and appropriate as a matter of fundamental fairness for similarly tax payers who, like the undersigned Appellant, may have been oppressed by unlawful tax collection practices directed toward non-taxable subject matter. Applying objective criteria to the merits of the appeal, there is no indication in any of the County's filings to date to explain how or why, as a matter of law, the Courts of Texas should ignore the plain meaning of the term real property as defined in Estates Code Section 1002.027. The Court is therefore requested to

---

[1] Appellant takes particular offense at the County's reference to him as someone who has been "branded," since the historical usage of that verb is generally reserved for use in reference to chattel and the underlying allegation manifests reckless and malicious disregard for truth.

7

preserve its ability to grant effective relief on appeal by granting a temporary injunction to enjoin reliance on the orders of the Bexar County Probate Court #1 on July 21, 2015 and July 30, 2015 by the Bexar Appraisal Review Board, the Bexar Appraisal District, and the Bexar County Tax Assessor Collector, and by their private tax collectors and attorneys of counsel.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court grant relief in all things, for such other relief both in law and in equity as he may be justly entitled.

Dated: November 3, 2015                                    Respectfully Submitted,


                                                    _____/s/_____
                                                    Rowland J. Martin
                                                    951 Lombrano
                                                    San Antonio,Tx 78207
                                                    (210) 323-3849

## CERTIFICATE OF SERVICE

I delivered a copy of this, "Appellant's Motion For Temporary Injunction, For Rehearing And For Extension Of Time To File Reply Brief," to Attorney Conry Davidson via email c/o Bexar Appraisal District, 411 S. Frio, San Antonio, Texas, 78204 on November 3, 2015.

Dated: November 3, 2015 _____/s/_____
Rowland J. Martin
951 Lombrano
San Antonio, Tx 78207
(210) 323-3849

## CERTIFICATE OF CONFERENCE

I conferred with opposing counsel about the filing of the County's motions on October 20, 2015. Opposing counsel was informed about *Martin v. Bravenec*, et al, Case No. 14-50093, 2015 WL 5752439 (5th Cir, October 2, 2015), and indicated that she would investigate. It is apparent from the filing of pleadings that disregard the subject of the conference that there are irreconcilable differences indicating opposition the instant motion

Dated: November 3, 2015 _____/s/_____
Rowland J. Martin

# ATTACHMENT

NO. 2001-PC-1263

IN THE ESTATE OF RAFAEL G. TREVINO, DECEASED

TO:  Rowland J. Martin, Jr., *Pro Se*
     951 Lombrano
     San Antonio, Texas  78207

## SHOW CAUSE CITATION

THE STATE OF TEXAS     §
                       §
COUNTY OF BEXAR        §

GREETINGS:

YOU ARE HEREBY COMMANDED TO BE AND APPEAR before The Honorable Kelly M. Cross, Judge of Probate Court No. One, at a hearing to be held at the Bexar County Courthouse in Probate Court No. One, located at 100 Dolorosa, Room 123, San Antonio, Bexar County, Texas on July 30, 2015 A.D., 2015 at 9:15 a.m., then and there to appear and show cause.

A copy of the **COURT ORDER TO APPEAR AND TO SHOW CAUSE WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED** accompanies this citation.

WITNESS Gerard C. Rickhoff, Clerk of the Probate Court No. One of Bexar County, and seal of Bexar County, at my office in the City of San Antonio, Bexar County, Texas this 21 day of July A.D. 2015. issued same day.

**GERARD C. RICKHOFF**
Clerk of Probate Court No. One of
Bexar County, Texas

By _____
              Deputy

2

V0216OP9920

NO. 2001-PC-1263

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| JOHNNIE MAE KING, | § | NUMBER ONE |
| | § | |
| DECEASED | § | BEXAR COUNTY, TEXAS |

## COURT ORDER TO APPEAR AND TO SHOW CAUSE
## WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED

On this day, the Court on its own motion, complaining of Rowland J. Martin, Jr., failure of the Administrator to conclude the administration of this cause, which has been pending since 2001 and which Rowland J. Martin, Jr., has represented to the Court that there is 1 beneficiary and 1 remaining asset in the estate, a parcel of land and the estate is still open.

Texas Estates Code § 361.052(6)(A) provides, in pertinent part, that the Administrator may be removed if:

(6) the representative, as executor or administrator, fails to: (A) make a final settlement by the third anniversary of the date letters testamentary or of administration are granted, unless that period is extended by the court on a showing of sufficient cause supported by oath; ...

The Administrator of this estate, Rowland J. Martin, Jr., has failed to make a final settlement by the third anniversary of the date that letters of administration were issued in this cause. The Court has determined that the Administrator should now be cited in accordance with the law to appear and to show cause, if any, he may have as to why he should not be removed as Administrator in accordance with the provisions of Texas Estates Code §§ 361.051 and 361.052, and another administrator or receiver appointed to conclude the administration of this estate.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that Rowland J. Martin, Jr. shall appear and show cause why he should not be removed as Administrator and the Clerk of this Court be and is hereby directed to issue citation to Rowland J. Martin, Jr., as Administrator of the Estate of Johnny Mae King, Deceased, by certified mail, return receipt requested, requiring the Administrator to appear before this court in the Bexar County Courthouse in Probate Court No. One, located at 100 Dolorosa, Room 123, San Antonio, Bexar County, Texas 78205 on July 30, 2015, at 9:15 a.m., then and there to show cause, if any, he may have as to why he should not be removed as Administrator of the Estate of Johnnie Mae King, Deceased.

IT IS FURTHER ORDERED by this court that all costs associated herewith be charged against Rowland J. Martin, Jr., individually.

Signed July 21, 2015.

_____
Kelly M. Cross,
Judge Presiding

FILED

JUL 2 1 2015

GERARD RICKHOFF
CLERK PROBATE COURT NO. 1
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY

1

V0216OP9919

SCANNED

## CERTIFICATE

I hereby certify that the original of this instrument and copy of the **COURT ORDER TO APPEAR AND TO SHOW CAUSE WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED** was mailed by United States Certified United States Mail, Return Receipt Requested, postage prepaid, to personal representative and the attorney of record for the personal representative on this _21_ day of July, 2015.

Rowland J. Martin, Jr., *Pro Se*
951 Lombrano
San Antonio, Texas   78207

**GERARD C. RICKHOFF**
Clerk of Probate Court No. One of
Bexar County, Texas

By_____
Deputy

3

NO. 2001-PC-1263

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| JOHNNIE MAE KING, | § | NUMBER ONE |
| | § | |
| DECEASED | § | BEXAR COUNTY, TEXAS |

## ORDER ON COURT ORDER TO APPEAR AND TO SHOW CAUSE WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED

On July 30, 2015, the Court called the Court Order to Appear and Show Cause Why the Administrator Should Not Be Removed.

The Court record finds that Rowland J. Martin, Jr. had been served with a copy of the Order to Show Cause by the Clerk of the Court and that proof of service was in the file.

Roland J. Martin, Jr. was called by the bailiff in the hallway, and failed and refused to appear.

A record of proceedings was made by Cheryl D. Hester, Court Reporter for Probate Court No. 1.

The Court finds that the Administrator may be removed pursuant to Texas Estates Code § 361.052(6)(A), which provides, in pertinent part, that the Administrator may be removed if:

(6) the representative, as executor or administrator, fails to: (A) make a final settlement by the third anniversary of the date letters testamentary or of administration are granted, unless that period is extended by the court on a showing of sufficient cause supported by oath; ...

The Court finds that the Administrator of this estate, Rowland J. Martin, Jr., has failed to make a final settlement by the third anniversary of the date that letters of administration were issued in this cause and failed to appear at the show cause hearing to explain why he should not be removed

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that Rowland J. Martin, Jr. is removed as Administrator of the Estate of Jonnie Mae King, Deceased.

1

V0 2 l b 2 P 0 9 0 3



IT IS FURTHER ORDERED that all Letters of Administration issued to Roland J. Martin, Jr. are CANCELLED AND REVOKED INSTANTER and Roland J. Martin, Jr. shall surrender and deliver all original Letters of Administration issued to him by delivery of all the original Letters of Administration to the Clerk of the Probate Court, located at the Bexar County Courthouse, 100 Dolorosa St., Basement, San Antonio, Texas 78205 on or before August 6, 2015, at 4:00 p.m.

IT IS FURTHER ORDERED by this court that all costs associated herewith be charged against Rowland J. Martin, Jr., individually.

Signed July 30, 2015.



Kelly M. Cross,
Judge Presiding

Counsel:

Karen Evertson
State Bar No. 00797745
Mary Sanchez
State Bar No. 17570830
Evertson & Sanchez, PC
c/o Bexar Appraisal District
ATTN: Legal Department
411 North Frio, Second Floor
San Antonio, Texas
Ph: 1.210.242.2407
Fax: 1.210.242.2451
Email:

Roland J. Martin, Jr.
951 Lombrano
San Antonio, Texas 78207
Ph: 1.210.323.3849
Email: moroco676@aol.com

2

V02162P0904

Peter Low
Law Office of Peter William Low
3305 Northland Drive, Suite 500
Austin, Texas    78731
Ph:  1.512.302.3403
Fax:  1.512.476.6685
Email:  peterwilliamlow@yahoo.com

3

V02162P0905