

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00401-CV

_____

IN RE VICKER SICHANTHAVONG, RELATOR

Original Proceeding
Arising From Proceedings Before the County Court at Law Number One
Potter County, Texas
Trial Court No. 107,233-1-CV; Honorable Walton Weaver, Presiding

January 8, 2020

## MEMORANDUM OPINION

### Before PIRTLE, PARKER, and DOSS, JJ.

Proceeding *pro se*, Relator, Vicker Sichanthavong, seeks a writ of mandamus to compel the Honorable Walton Weaver to allow a contract case that was filed with the trial court clerk to proceed. Relator also seeks permission to "[submit] his motion to criminal Court for [preliminary] hearing" and for the case to be heard by a grand jury. Finally, Relator seeks to have Judge Weaver disqualified from the case and another judge assigned. For the reasons expressed herein, we deny the requested relief.

BACKGROUND

As best as can be deciphered from Relator's petition, he rented a house to Deidra Whitfield. The house was destroyed by fire and Relator attempted to sue her for breach of contract and to recover damages. He asserts that Judge Weaver will not allow the case to move forward unless Relator is represented by counsel.

Relator relies on *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1982), in which the Court recognized that Rule 7 of the Texas Rules of Civil Procedure allows a party to prosecute or defend a suit in person or by an attorney. In *Ex parte Shaffer*, a court order requiring a party in a contempt proceeding to be represented by counsel was found to have abridged his right to be heard himself. *Id.* The Court noted, however, that lack of representation should not be used to unnecessarily delay a trial or abuse the system. *Id.*

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act,

2

not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

### ANALYSIS

We first address the mandatory requirements for filing a petition for writ of mandamus in this court. *See* TEX. R. APP. P. 52.3. Relator substantially complied with most of those requirements. The deficiency, however, is vital to our consideration of the issue presented to this court. Rule 52.3(k) requires that a petition include an *Appendix* with a certified or sworn copy of any order being complained of or other documentation showing the matter of which the relator complains. TEX. R. APP. P. 52.3(k)(1)(A).

Relator's petition contains a document entitled "Appendix" followed by a list of legal authorities. However, there is no appendix included with Relator's petition. More importantly, the petition is not accompanied by any documentation supporting the underlying contract case of which he complains to this court, nor is there any documentation of his request to proceed *pro se* and Judge Weaver's denial of that request.

*Pro se* litigants are not exempt from rules of procedure. *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006). Even if Relator had substantially complied with the requirements of Rule 52.3, nothing in his petition shows an abuse of discretion by Judge Weaver.

Although Rule 7 of the Texas Rules of Civil Procedure allows a civil litigant to prosecute or defend a case without the assistance of counsel; TEX. R. CIV. P. 7, the trial court has considerable discretion in managing its docket. *In re Conner*, 458 S.W.3d 532,

534 (Tex. 2015). *Pro se* litigants will not be treated differently than a party who is represented by a licensed attorney. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Relator's recent unskilled attempts to prosecute civil suits in Judge Weaver's court and in this court without the assistance of counsel have resulted in considerable expenditure of judicial resources. *See Sichanthavong v. Whitfield*, 07-19-00363-CV, 2019 Tex. App. LEXIS 9604, at *2 (Tex. App.—Amarillo October 31, 2019, no pet. h.) (mem. op.); *Sichanthavong v. Hernandez*, 07-19-00145-CV, 2019 Tex. App. LEXIS 10020, at*2-3 (Tex. App.—Amarillo Nov. 18, 2019, no pet. h.) (mem. op.); *In re Sichanthavong*, No. 07-19-00312-CV, 2019 Tex. App. LEXIS 10022, at *1 (Tex. App.—Amarillo Nov. 18, 2019, orig. proceeding). The record before us does not demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles in expecting a *pro se* litigant to abide by the rules of procedure or seek the assistance of counsel.

### CONCLUSION

Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice