Opinion issued August 29, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00446-CV

_____

**ELIZABETH HUDNALL LORENZ, Appellant**

**V.**

**SEVEN DIALS PROPERTIES, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1184018**

---

## MEMORANDUM OPINION

Appellant, Elizabeth Hudnall Lorenz, proceeding pro se, challenges the trial

court's order of eviction in this forcible detainer suit. We dismiss the appeal.

On August 10, 2023, Lorenz filed an appellant's brief with this Court. On

September 7, 2023, this Court struck Lorenz's brief for failure to comply with

Texas Rule of Appellate Procedure 38.1 by failing to meet the following requirements:

- The brief must include the identity of all parties, their counsel, their firm or office name and mailing address, telephone number and mailing address;

- The brief must have a table of contents with page references;

- The brief must have an index of all authorities cited with page numbers where the authorities are cited;

- The brief must state concisely the nature of the case, the course of proceedings, and the trial court's disposition;

- The brief may include a statement whether oral argument should be granted or not;

- The brief must state the issues presented for review;

- Although the brief appears to include a recitation of the facts in the case, these must contain references to the record that support the facts presented;

- The brief must contain a short summary of the arguments to be made in the body of the brief;

- The brief must contain a clear and concise argument for the contentions made together with citations to authority supporting those arguments; and

- The brief must contain a short prayer clearly stating the relief the appellant seeks.

*See* TEX. R. APP. P. 38.1 (a)–(j). This Court ordered Lorenz to file a corrected brief within 20 days.

On September 27, 2023, Lorenz filed a corrected brief, which failed to comply with Texas Rule of Appellate Procedure 38.1 by failing to meet the following requirements:

- The brief must have an index of all authorities cited with page numbers where the authorities are cited;

- The brief must state concisely the nature of the case, the course of proceedings, and the trial court's disposition;

- The brief must state the issues presented for review;

- Although the brief appears to include a recitation of the facts in the case, these must contain references to the record that support the facts presented;

- The brief must contain a short summary of the arguments to be made in the body of the brief;

- The brief must contain a clear and concise argument for the contentions made together with citations to authority supporting those arguments; and

- The brief must contain a short prayer clearly stating the relief the appellant seeks.

*See* TEX. R. APP. P. 38.1 (c), (d), (f), (g), (h), (i).

The Court informed Lorenz that her corrected brief did not comply with the Requirements of Rule 38.1, and if she did not file a second corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, her appeal would be subject to dismissal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Bennett v. Jenkins*, No. 01-21-00557-CV, 2022 WL 3268531, at *2 (Tex.

3

App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (mem. op.) (per curiam) (dismissing appeal for want of prosecution where pro se appellant failed to file "corrected brief" after Court struck brief for failure to comply with Texas Rule of Appellate Procedure 38.1).

Lorenz has not filed a corrected brief that complies with the Texas Rules of Appellate Procedure.

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. They contain "specific requirements for briefing that require, among other things, that an appellant provide . . . an argument that is clear and concise with appropriate citations to authorities and the record." *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (internal quotations omitted); *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.) (internal quotations omitted); *see also* TEX. R. APP. P. 38.1(i); *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex.

App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

The appellate briefing requirements are mandatory. *M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.). "Only when [the Court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[ ] its role as judge and assum[e] the role of advocate for a party").

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. *See* TEX. R. CIV. P. 7; *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 895; *see also Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). The right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the Texas

Rules of Appellate Procedure, if a party chooses to represent himself at the appellate level. *Steele*, 2020 WL 6440499, at *2; *Bolling*, 315 S.W.3d at 895; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether the rules of procedure must be followed."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("On appeal, as at trial, the pro se appellant must properly present her case."). Thus, a pro se litigant is held to the same standard as a licensed attorney and must comply with the Texas Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.); *Yeldell*, 2008 WL 4053014, at *2 ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

An appellate court must examine an appellant's brief for compliance with the Texas Rules of Appellate Procedure. *Steele*, 2020 WL 6440499, at *2; *Lipscomb v. City of Dallas Police*, No. 05-16-01090-CV, 2017 WL 1149674, at *1 (Tex. App.—Dallas Mar. 27, 2017, no pet.) (mem. op.). If the court determines that

the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. *See* TEX. R. APP. P. 38.9(a); *Irisson*, 2020 WL 6343336, at \*3; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). When an appellant is allowed an opportunity to file a corrected appellant's brief, she is given a reasonable amount of time to do so. *See Irisson*, 2020 WL 6343336, at \*3. If the appellant files another appellant's brief that does not comply with the Texas Rules of Appellate Procedure, an appellate court may strike the brief, prohibit appellant from filing another, and proceed as if the appellant failed to file a brief. *See* TEX. R. APP. P. 38.9(a); *Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at \*1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin*, 2017 WL 4682191, at \*1–2 (same); *see also* TEX. R. APP. P. 38.8(a)(1) (when appellant has failed to file brief, appellate court may dismiss appeal for want of prosecution), 42.3(b) (involuntary dismissal in civil cases for want of prosecution), 43.2(f) (judgment dismissing appeal).

Although Lorenz was given a second opportunity and an extension of time to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, she has failed to do so. *See Garrett*, 2021 WL 5702177, at \*3 (appellant

7

given opportunity to cure defects in his briefing, but he failed to do so); *Steele*, 2020 WL 6440499, at *1–3 (same).

When, as here, an appellant files an appellant's brief that does not comply with the Texas Rules of Appellate Procedure and then files a corrected brief or amended brief that also does not comply, "the [appellate] court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a); *see also Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. When an appellant fails to file an appellant's brief, the Court may dismiss his appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1); *Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. Accordingly, we strike Lorenz's September 27, 2023 corrected appellant's brief, and we dismiss the appeal. *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f); *Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. We dismiss any pending motions as moot.

Peter Kelly
Justice

Panel consists of Chief Justices Adams and Justices Kelly and Goodman.

8