**Opinion issued December 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00248-CV

———————————

**CARL MICHAEL WRIGHT, Appellant**

**V.**

**HAYLEY MARIA LEBLANC, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-24448**

---

## MEMORANDUM OPINION

Appellant, Carl Michael Wright, proceeding pro se, challenges the trial court's "Order in Suit Affecting the Parent-Child Relationship." Appellant initially filed his opening brief with this Court on May 8, 2025. On July 8, 2025, this Court notified appellant that his brief did not comply with Texas Rule of Appellate Procedure 9.9,

which prohibits the inclusion of sensitive data, such as "the name of any person who was a minor when the underlying suit was filed" in documents filed in the public record. TEX. R. APP. P. 9.9(a)(3). The Court ordered appellant to file a corrected brief that complied with the Texas Rules of Appellate Procedure within fourteen days of the date of the Court's order, making his brief due on or before July 22, 2025.

On July 22, 2025, instead of filing his corrected brief, appellant requested to toll the briefing deadline. On July 24, 2025, this Court granted in part appellant's request to toll the July 22 briefing deadline, extending the deadline until August 4, 2025. The Court informed appellant that if he did not file a corrected brief that complied with the Texas Rules of Appellate Procedure, it may strike his corrected brief, prohibit appellant from filing another, proceed as if appellant had failed to file a brief, and dismiss his appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same).

On August 5, 2025, appellant filed an amended opening brief, which like his original brief, violated Texas Rule of Appellate Procedure 9.9. TEX. R. APP. P. 9.9(a)(3). On August 21, 2025, we notified appellant that his brief also did not comply with the Texas Rules of Appellate Procedure because it did not contain: "a table of contents . . . indicat[ing] the subject matter of each issue or point, or group of issues or points"; "an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited"; did not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record references"; did not "include a statement explaining why oral argument should or should not be permitted"; did not "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; did not "contain a clear and concise argument for the contentions made, with appropriate citations . . . to the record"; and did not include an appendix with the necessary contents. *See* TEX. R. APP. P. 38.1(b), (c), (d), (e), (g), (i), (k). The Court struck appellant's amended brief and ordered him to file a corrected brief that complied with the Texas Rules of Appellate Procedure within thirty days of the date of the Court's order, or by September 22, 2025. We again warned appellant that if he did not file a corrected brief that complied with the Texas Rules of Appellate Procedure, his appeal could be dismissed.

Appellant again failed to file his corrected brief by the stated deadline. Instead, on September 23, 2025, appellant filed an "Emergency Motion to Extend Time to File Appellant's Brief, Motion to Suspend Rule, and Response to Notice of Intent to Dismiss," requesting a 30-day extension—or alternatively, a 14-day extension—to file his corrected brief. Appellant also sought "suspension of any conflicting deadline" under Texas Rule of Appellate Procedure 2. On September 25, 2025, the Court granted in part appellant's motion, affording him another extension of fourteen days from the date of the order, making the deadline October 9, 2025. The Court reminded appellant that if he did not file a corrected brief that complied with the Texas Rules of Appellate Procedure, his appeal could be dismissed. The order noted that no further extensions would be granted.

Appellant once again failed to file his corrected brief by the stated deadline. Instead, on November 12, 2025, appellant filed a "Motion for Reconsideration of Order Denying Supplementation, Motion to Accept Late Brief Under TRAP 9.5(a), and Request for Sua Sponte Supplementation Due to Fraud-[o]n-[t]he-Court," asking this Court to "accept [a]ppellant's late brief and appendix" and other relief. Appellant did not submit a corrected brief with his motion.

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.]

4

July 12, 2016, no pet.) (mem. op.) (internal quotation marks omitted). The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. They contain "specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record." *Tyurin*, 2017 WL 4682191, at *1 (quoting *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.); *see also* TEX. R. APP. P. 38.1(g), (i); *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

The appellate briefing requirements are mandatory. *M&E Endeavours LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.). "Only when [the court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893,

895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts ex rel. Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party").

"In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal." *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.) (citing TEX. R. CIV. P. 7); *Bolling*, 315 S.W.3d at 895; *see also Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). The right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the Texas Appellate Rules of Procedure if a party chooses to represent himself at the appellate level. *Steele*, 2020 WL 6440499, at *2; *Bolling*, 315 S.W.3d at 895; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether the rules of procedure must be followed."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("On appeal, as at trial, the pro se appellant must properly present h[is] case."). Thus, a pro se litigant is held to the same standard as a licensed attorney and must comply with the Texas Rules of Appellate Procedure. *See Garrett v. Lee*, No.

01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.); *Yeldell*, 2008 WL 4053014, at *2 ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

An appellate court must examine an appellant's brief for compliance with the Texas Rules of Appellate Procedure. *Steele*, 2020 WL 6440499, at *2; *Lipscomb v. City of Dallas Police*, No. 05-16-01090-CV, 2017 WL 1149674, at *1 (Tex. App.— Dallas Mar. 27, 2017, no pet.) (mem. op.). "If the appellate court determines that the briefing rules have been "flagrantly violated, it may require a brief to be amended, supplemented, or redrawn." *Irisson*, 2020 WL 6343336, at *3 (citing TEX. R. APP. P. 38.9(a)). When an appellant is allowed an opportunity to file a corrected opening brief, he is given a reasonable amount of time to do so. *See Irisson*, 2020 WL 6343336, at *3. If the appellant files another brief that does not comply with the Texas Rules of Appellate Procedure, an appellate court may strike the brief, prohibit appellant from filing another, and proceed as if the appellant failed to file a brief. *See* TEX. R. APP. P. 38.9(a); *Tucker*, 2020 WL 3969586, at *1; *Tyurin*, 2017 WL 4682191, at *1–2; *see also* TEX. R. APP. P. 38.8(a)(1) (where appellant failed to file brief, appellate court may dismiss appeal for want of prosecution), 42.3(b), 43.2(f).

Although the Court gave appellant multiple opportunities to file a corrected brief that complied with the Texas Rules of Appellate Procedure, he has failed to do so. *See Garrett*, 2021 WL 5702177, at *3 (appellant given opportunity to cure defects in his briefing, but he failed to do so); *Steele*, 2020 WL 6440499, at *1–3 (same).

In our order dated August 21, 2025, we struck appellant's amended opening brief and instructed him to file a compliant corrected brief. To date, appellant has not filed a properly corrected brief. Accordingly, we dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b)–(c), 43.2(f); *Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.