**Opinion issued March 5, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

### NO. 01-23-00556-CV

———————————————

**DELVIN DEMBY, Appellant**

**V.**

**GOLDMAN SACHS BANK USA, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1182296**

---

### MEMORANDUM OPINION

Appellant, Delvin Demby, proceeding pro se, challenges the trial court's judgment in the suit of appellee, Goldman Sachs Bank USA, against Demby for breach of contract.

We dismiss the appeal.

On January 23, 2024, Demby filed an appellant's brief with this Court.[1] On February 1, 2024, this Court notified Demby that his appellant's brief did not comply with the Texas Rules of Appellate Procedure because, among other things, it did not identify all the parties to the trial court's judgment and their counsel; contain a table of contents; contain an index of authorities; "state concisely the nature of the case," the course of the proceedings, and the trial court's disposition of the case, "supported by record references"; "include a statement explaining why oral argument should or should not be permitted"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and include an appendix with the necessary contents.[2] *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (e), (f), (g), (h), (i), (k).

Thus, on February 1, 2024, the Court struck Demby's January 23, 2024 appellant's brief and ordered Demby to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure within thirty days of the date

---

[1] Demby attached his appellant's brief to a motion for extension of time that he filed with the Court.

[2] Demby's appellant's brief also failed to comply with Texas Rules of Appellate Procedure 9.4 and 9.5. *See* TEX. R. APP. P. 9.4, 9.5.

of this Court's order.  The Court informed Demby that if he did not file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, we would strike his corrected brief, prohibit Demby from filing another, proceed as if Demby had failed to file an appellant's brief, and dismiss his appeal.  *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief also failed to comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same).  On February 12, 2024, appellant filed his corrected brief.

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted).  The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1.  They contain "specific requirements for briefing that require, among other things, that an appellant provide . . . an argument that is clear and concise with appropriate citations to authorities and the

record." *Tyurin*, 2017 WL 4682191, at *1 (internal quotations omitted); *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.) (internal quotations omitted); *see also* TEX. R. APP. P. 38.1(i); *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

The appellate rules also require the inclusion of a proper appendix with an appellant's brief. *See* TEX. R. APP. P. 9.4(h) (specifying form of appendix); TEX. R. APP. P. 38.1(k) (appellant's brief must include appendix containing "the trial court's judgment or other appealable order from which relief is sought," "the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any," and "the text of any rule, regulation, ordinance statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument"); *see, e.g.*, *Corbin v. Reiner*, No. 13-18-00177-CV, 2019 WL 471123, at *1–3 (Tex. App.—Corpus Christi–Edinburg Feb. 7, 2019, no pet.) (mem. op.) (dismissing appeal for want of prosecution where appellant's amended brief failed to, among other things,

4

include appendix in form that complied with Texas Rule of Appellate Procedure 9.4(h)); *Lipscomb v. City of Dallas Police*, No. 05-16-01090-CV, 2017 WL 1149674, at *1–2 (Tex. App.—Dallas Mar. 27, 2017, no pet.) (mem. op.) (dismissing appeal where appellant's amended brief, among other things, omitted certain required items from appendix).

The appellate briefing requirements are mandatory. *M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.). "Only when [the Court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party").

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. *See* TEX. R. CIV. P. 7; *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 895; *see also Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). The right of self-representation carries with it the

responsibility to adhere to the rules of evidence and procedure, including the Texas Appellate Rules of Procedure, if a party chooses to represent himself at the appellate level. *Steele*, 2020 WL 6440499, at *2; *Bolling*, 315 S.W.3d at 895; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether the rules of procedure must be followed."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("On appeal, as at trial, the pro se appellant must properly present her case."). Thus, a pro se litigant is held to the same standard as a licensed attorney and must comply with the Texas Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.); *Yeldell*, 2008 WL 4053014, at *2 ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

An appellate court must examine an appellant's brief for compliance with the Texas Rules of Appellate Procedure. *Steele*, 2020 WL 6440499, at *2; *Lipscomb*, 2017 WL 1149674, at *1. If the court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn.

6

*See* TEX. R. APP. P. 38.9(a); *Irisson*, 2020 WL 6343336, at \*3; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). When an appellant is allowed an opportunity to file a corrected appellant's brief, he is given a reasonable amount of time to do so. *See Irisson*, 2020 WL 6343336, at \*3. If the appellant files another appellant's brief that does not comply with the Texas Rules of Appellate Procedure, an appellate court may strike the brief, prohibit appellant from filing another, and proceed as if the appellant failed to file a brief. *See* TEX. R. APP. P. 38.9(a); *Tucker*, 2020 WL 3969586, at \*1 (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin*, 2017 WL 4682191, at \*1–2 (same); *see also* TEX. R. APP. P. 38.8(a)(1) (where appellant has failed to file brief, appellate court may dismiss appeal for want of prosecution), 42.3(b), 43.2(f).

Although Demby was given an opportunity to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, he has failed to do so. *See Garrett*, 2021 WL 5702177, at \*3 (appellant given opportunity to cure defects in his briefing, but he failed to do so); *Steele*, 2020 WL 6440499, at \*1–3 (same). On February 12, 2024, Demby filed a corrected appellant's brief, which does not identify all the parties to the trial court's judgment and their counsel; contain an index of authorities; "state concisely the nature of the case," the course of the

7

proceedings, and the trial court's disposition of the case, "supported by record references"; "include a statement explaining why oral argument should or should not be permitted"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and include an appendix with the necessary contents. *See* TEX. R. APP. P. 38.1(a), (c), (d), (e), (g), (h), (i), (k); *In re Hammond*, No. 04-17-00371-CV, 2018 WL 843062, at *1–3 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.) (appellant's brief violated Texas Rules of Appellate Procedure where it did not "include a clear and concise argument for the contentions made"); *see also Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV to 09-21-00045-CV, 2022 WL 1412303, at *2 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (appellant's brief did not comply with Texas Rule of Appellate Procedure 38.1(i) where it was disjointed and difficult to follow and appellant's arguments were confusing); *Amrhein v. Bollinger*, 593 S.W.3d 398, 402–03 (Tex. App.—Dallas 2019, no pet.) (appellant's brief did not comply with Texas Rules of Appellate Procedure where it was rambling, incoherent, and did not provide "succinct, clear, and accurate arguments addressing how [appellant's] complaints ha[d] merit").

Demby's February 12, 2024 corrected appellant's brief also does not comply with Texas Rule of Appellate Procedure 9.4. *See* TEX. R. APP. P. 9.4; *see also Porter v. Kennard Law PC*, No. 01-22-00153-CV, 2022 WL 11413164, at \*5–6 (Tex. App.—Houston [1st Dist.] Oct. 20, 2022, pet. denied) (mem. op.) (striking appellant's corrected brief and dismissing appeal where corrected brief, among other things, did not comply with Texas Rule of Appellate Procedure 9.4); *Shull v. Westover Crossing (San Antonio) Homeowners' Ass'n*, No. 04-15-00692-CV, 2016 WL 7119051, at \*1–2 (Tex. App.—San Antonio Dec. 7, 2016, no pet.) (mem. op.) (striking appellant's amended brief and dismissing appeal where amended brief did comply with Texas Rule of Appellate Procedure 9.4). We cannot remedy the deficiencies in Demby's corrected appellant's brief for him. *See Porter*, 2022 WL 11413164, at \*5–6; *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

When, as here, an appellant files an appellant's brief that does not comply with the Texas Rules of Appellate Procedure and then files a corrected brief or amended brief that also does not comply, "the [appellate] court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a); *see also Garrett*, 2021 WL 5702177, at \*3; *Tyurin*, 2017 WL 4682191, at \*2. When an appellant fails to file an appellant's brief, we may dismiss his appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1);

9

*Garrett*, 2021 WL 5702177, at \*3; *Tyurin*, 2017 WL 4682191, at \*2.  Accordingly, we strike Demby's February 12, 2024 corrected appellant's brief, and we dismiss the appeal.  *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f); *Garrett*, 2021 WL 5702177, at \*3; *Tyurin*, 2017 WL 4682191, at \*2.  We dismiss any pending motions as moot.


                    Julie Countiss
                    Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.