**Opinion issued September 23, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00207-CV

———————————

**JUANITA ROJAS, Appellant**

**V.**

**TEXAS MUTUAL INSURANCE COMPANY, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1242641**

---

## MEMORANDUM OPINION

Appellant, Juanita Rojas, proceeding pro se, challenges the trial court's rendition of summary judgment in favor of appellee, Texas Mutual Insurance Company, in her suit against Texas Mutual Insurance Company.

We dismiss the appeal.

On June 16, 2025, Rojas filed an appellant's brief with this Court. On August 12, 2025, this Court notified Rojas that her appellant's brief did not comply with the Texas Rules of Appellate Procedure because, among other things, it did not "give a complete list of all parties to the trial court's judgment or order appealed from" and the names and addresses of all trial and appellate counsel; contain a table of contents "indicat[ing] the subject matter of each issue or point, or group of issues or points"; contain an appropriate index of authorities; "state concisely the nature of the case," "the course of the proceedings," and "the trial court's disposition of the case," "supported by record references"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and include an appendix with the necessary contents. *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (h), (i), (k).

Thus, on August 12, 2025, the Court struck Rojas's June 16, 2025 appellant's brief and ordered Rojas to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure within thirty days of the date of the Court's order. The Court informed Rojas that if she did not file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, it would strike her

2

corrected brief, prohibit Rojas from filing another, proceed as if Rojas had failed to file an appellant's brief, and dismiss her appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief also failed to comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same). On September 11, 2025, Rojas filed her corrected brief.

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. They contain "specific requirements for briefing that require, among other things, that an appellant provide . . . an argument that is clear and concise with appropriate citations to authorities and the record." *Tyurin*, 2017 WL 4682191, at *1 (internal quotations omitted); *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston

3

[1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.) (internal quotations omitted); *see also* TEX. R. APP. P. 38.1(i); *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

The appellate briefing requirements are mandatory. *M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.). "Only when [the Court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party").

In Texas, an individual who is a party to civil litigation has the right to represent herself at trial and on appeal. *See* TEX. R. CIV. P. 7; *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020,

no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 895; *see also Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). The right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the Texas Appellate Rules of Procedure, if a party chooses to represent herself at the appellate level. *Steele*, 2020 WL 6440499, at \*2; *Bolling*, 315 S.W.3d at 895; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether [the] rules of procedure must be followed."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at \*2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("On appeal, as at trial, the pro se appellant must properly present her case."). Thus, a pro se litigant is held to the same standard as a licensed attorney and must comply with the Texas Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at \*1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.); *Yeldell*, 2008 WL 4053014, at \*2 ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

An appellate court must examine an appellant's brief for compliance with the Texas Rules of Appellate Procedure. *Steele*, 2020 WL 6440499, at \*2; *Lipscomb v.*

5

*City of Dallas Police*, No. 05-16-01090-CV, 2017 WL 1149674, at *1 (Tex. App.—Dallas Mar. 27, 2017, no pet.) (mem. op.). If the court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. *See* Tex. R. App. P. 38.9(a); *Irisson*, 2020 WL 6343336, at *3; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). When an appellant is allowed an opportunity to file a corrected appellant's brief, she is given a reasonable amount of time to do so. *See Irisson*, 2020 WL 6343336, at *3. If the appellant files another appellant's brief that does not comply with the Texas Rules of Appellate Procedure, an appellate court may strike the brief, prohibit appellant from filing another, and proceed as if the appellant failed to file a brief. *See* Tex. R. App. P. 38.9(a); *Tucker*, 2020 WL 3969586, at *1 (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin*, 2017 WL 4682191, at *1–2 (same); *see also* Tex. R. App. P. 38.8(a)(1) (where appellant has failed to file brief, appellate court may dismiss appeal for want of prosecution), 42.3(b), 43.2(f).

Although Rojas was given an opportunity to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, she has failed to do so. *See Garrett*, 2021 WL 5702177, at *3 (appellant given opportunity to cure defects in his briefing, but he failed to do so); *Steele*, 2020 WL 6440499, at *1–3 (same).

On September 11, 2025, Rojas filed a corrected appellant's brief, but it still does not "give a complete list of all parties to the trial court's judgment or order appealed from" and the names and addresses of all trial and appellate counsel; contain a table of contents "indicat[ing] the subject matter of each issue or point, or group of issues or points"; contain an appropriate index of authorities; "state concisely the nature of the case," "the course of the proceedings," and "the trial court's disposition of the case," "supported by record references"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and include an appendix with the necessary contents.[1] *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (h), (i), (k); *see also In re Hammond*, No. 04-17-00371-CV, 2018 WL 843062, at *1–3 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.) (appellant's brief violated Texas Rules of Appellate Procedure where it did not "include a clear and concise argument for the contentions made"); *Bolling*, 315 S.W.3d at 896 ("[S]tatements of fact must be supported by direct references to the record that are precise in locating

---

[1] On September 15, 2025, Rojas filed a document titled, "Supplemental brief," which also does not comply with the Texas Rules of Appellate Procedure. *See, e.g.*, TEX. R. APP. P. 38.1(a)–(k).

the fact asserted. If record references are not made or are inaccurate, misstated, or misleading, the brief fails. And, just as importantly, existing legal authority applicable to the facts and the questions [the appellate court is being] called on to answer must be accurately cited. References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement[s] of [the Texas Rules of Appellate Procedure]. References to sweeping statements of general law are rarely appropriate. If [the appellate court is] not provided with existing legal authority that can be applied to the facts of the case, the brief fails."); *see also Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV to 09-21-00045-CV, 2022 WL 1412303, at *2–4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (appellant's brief did not comply with Texas Rule of Appellate Procedure 38.1(i) where it was disjointed and difficult to follow and appellant's arguments were confusing); *Amrhein v. Bollinger*, 593 S.W.3d 398, 401–03 (Tex. App.—Dallas 2019, no pet.) (appellant's brief did not comply with Texas Rules of Appellate Procedure where it did not provide "succinct, clear, and accurate arguments addressing how [appellant's] complaints ha[d] merit"). This Court cannot remedy the deficiencies in Rojas's corrected appellant's brief for her. *See Porter v. Kennard Law PC*, No. 01-22-00153-CV, 2022 WL 11413164, at *5–6 (Tex. App.—Houston [1st Dist.] Oct. 20, 2022, pet. denied) (mem, op.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

When, as here, an appellant files an appellant's brief that does not comply with the Texas Rules of Appellate Procedure and then files a corrected brief or amended brief that also does not comply, "the [appellate] court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a); *see also Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. When an appellant fails to file an appellant's brief, the Court may dismiss her appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1); *Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. Accordingly, we strike Rojas's September 11, 2025 corrected appellant's brief and her September 15, 2025 "Supplemental brief," and we dismiss the appeal. *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f); *Garrett*, 2021 WL 5702177, at *3; *Tyurin*, 2017 WL 4682191, at *2. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.